JOHNSON v. McBEE et al.    (No. 1334.)

(Court of Civil Appeals of Texas.    Amarillo.
May 8, 1918.    Rehearing Denied
June 19, 1918.)

1. APPEAL AND ERROR ⬾737—MULTIFARIOUS ASSIGNMENT.

Assignment assailing action of court in overruling defendant's general and special demurrers is multifarious, and not entitled to consideration.

2. APPEAL AND ERROR ⬾1050(1) — HARMLESS ERROR—EVIDENCE.

In action in nature of motion to correct judgment, error in permitting trial judge who rendered judgment to testify over defendant's objection as to what judgment he intended to render was harmless, where his testimony contained few facts of any importance.

3. JUDGMENT ⬾305 — CLERICAL ERROR — CORRECTION BY ACTION.

Judgment, in suit to determine boundary line, which was not written in accordance with the order of the court, will be corrected on motion to correct the judgment.

4. JUDGMENT ⬾325—CORRECTION OF CLERICAL ERROR—ISSUE NOT TO BE RAISED.

Where, on trial of action to determine boundary line, plaintiff set up defense of limitations, which was disregarded, and no appeal from judgment was prosecuted, if plaintiff was entitled to strip in question by limitations, and failed to get it on original trial, he cannot raise issue in defendant's action in nature of motion to correct clerical error in judgment.

Appeal from District Court, Young County; Wm. N. Bonner, Judge.

Action in the nature of a motion to correct a judgment by W. A. McBee and others against C. W. Johnson. From an order for plaintiffs, defendant appeals. Affirmed.

Marshall & King, of Graham, for appellant. Arnold & Arnold, of Graham, for appellees.

HALL, J. This action is in the nature of a motion to correct a judgment rendered between the same parties on the 13th day of September, 1915. The original suit was instituted for the purpose of establishing the boundary between lands owned by the parties. In the motion to correct the judgment it is alleged, in substance, that appellees were the owners in fee simple of survey No. 1489, situated in Young county, Tex., on September 18, 1915; that appellant was the owner of the E. W. Sergeant survey adjoining appellee's land on the east; that a suit was instituted by appellant to determine the true boundary line, and was tried September 18, 1915, before Hon. J. W. Akin, district judge of Young county; that the trial was before the court without a jury, resulting in a judgment establishing the beginning point of the parti-

tion line from a recognized bearing tree, situated at the southeast corner of said Survey No. 1489; that said bearing tree was a post oak, properly marked for corner; that appellant, through mistake, or intentionally, in preparing the judgment, instead of calling for said corner correctly, reversed the call so that it would appear that said corner was located south 83½° west 10.20 varas, instead of east that distance from said post oak tree. It appears that the location of the corner in dispute is described in the original field notes copied in the patent as follows: "A stake from which a post oak, 7" in diameter bears S. 83½° W. 10.2 vrs." In preparing the judgment appellant used this language:

"That the dividing line between said surveys be established from a point 10.21 vrs. S. 83½° W. from said bearing tree."

The effect of this error is to deprive the appellee of a strip of land 20.40 varas in width. Upon a hearing of the motion the court ordered the judgment corrected.

[1] The first assignment assails the action of the court in overruling the defendants' general and special demurrers. This assignment is multifarious and is not entitled to consideration. However, we have read the pleadings and think the allegations are sufficient.

[2-4] Upon the trial J. W. Akin, the trial judge at the time the first judgment was rendered, was permitted over the defendants' objection, to testify as to what judgment he intended to render. His testimony contains few facts of any importance, and in the state of the record the action of the court in permitting him to testify, if error, is harmless. The pleadings of the parties in the original action were introduced, together with the judgment, the field notes of the survey as they appeared in the patent, and the following notation made by Judge Akin, upon the trial docket: "Judgment establishing east line of survey 1489 from the marked southeast corner of same." There is nothing in the record to show that the post oak tree described in the field notes was not a correct and well-established corner, and it is conceded by both parties that it is an original bearing tree. This being the case, the corner is easily located by the second call in the patent as follows:

"Thence (from the S. E. corner of survey No. 1488) E. 1225 vrs. to the S. E. corner of survey, a stake from which a P. O. 7 in. dia. brs. S. 83.5 W. 10.2 vrs"

—and it is clear from the judgment that it was not written in accordance with the order of the court. There is sufficient evidence in the record upon which the trial judge could have properly based his judgment correcting the former judgment without considering the oral testimony of Judge Akin under Vernon's Sayles' Civil Statutes, art. 2015. It appears that in the original trial appellant set up the defense of limitation, which seems to have been disregarded by the trial court, and no appeal from the judgment was prosecuted. If appellant was entitled to the strip of land in question by limitation and failed to get it in the original trial, it is too late to raise the issue now. The sole purpose of this proceeding is to correct a clerical error in the judgment.

A review of the record discloses that the trial court's order is in all things proper. The judgment is therefore affirmed.

HUFF, C. J., not sitting, serving on committee of judges assisting the Supreme Court.